ROSE VIADERO, Respondent, *v.* MANUEL VIADERO, Appellant.

*Ne exeat — practice in — irregularities in papers amendable under sections 173 and 174 of the Code.*

For the regular issue of a writ of *ne exeat*, there are required the special allowance and order of a justice of the Supreme Court, together with an indorsement upon the writ by the clerk, showing the amount in which the defendant should be held to bail.

Where this practice has not been formally pursued, but its important requisites are shown by the writ to have been observed, and the defendant has not been injured or prejudiced by the irregularity, the writ should not be dismissed, but corrected by amendment under the powers conferred by sections 173 and 174 of the Code.

APPEAL from order denying a motion to set aside a writ of *ne exeat.*

*Geo. Bell,* for the appellant.

*C. Burling,* for the respondent.

DANIELS, J.:

The writ was allowed to issue upon the verified complaint in this action, which has been brought for a divorce because of the adultery of the defendant. The facts alleged are sufficient to constitute a good cause of action in the plaintiff's favor. And as the defendant has neither answered it nor controverted any of the statements contained in it by affidavit, the facts may be presumed to have been truly stated in it. The plaintiff, in her oath verifying the complaint, swore in positive terms that it was true. And by another person it was further verified by the usual form of oath on the day the writ of *ne exeat* was issued. And both oaths, in the absence of all contradiction, were sufficient to establish the existence of the facts mentioned in the complaint. These facts were that the defendant had told the plaintiff he intended to leave this city. That he was in the Havana trade, and had abandoned the plaintiff, and had no tie to bind him to this city or State. The facts do not present a strong case, and they were alleged in an imperfect and inartistic manner. But as the plaintiff appears to have a meritorious cause of action, and she may be deprived of substantial redress by dismissing the writ, that should not be done if it can be consistently sustained. And that it may be, will appear from the inference which is warranted by the facts alleged.

From the business the defendant was engaged in, his interests would appear naturally to take him to Havana in case of his leaving the city of New York. And that he contemplated leaving is shown by his statement to that effect, made to the plaintiff. If he should leave at all, as he had nothing to detain him here after the abandonment of his wife, it is probable he would go where his business would be best promoted or advanced by his presence, and that was the city of Havana. His trade may be presumed to have been carried on between that city and the city of New York, and his presence in one of those cities required for its prosperous transaction. If he

left this city there was but one other place to which he might be expected to go, and that was the other terminal point of the trade in which he was engaged. It could very well be inferred from the facts set forth ·that he did design to leave this city, and when he did so, that he would proceed to the city of Havana. And those facts, together with the others set forth in the complaint, showing that the plaintiff had a cause of action for a divorce; that she was dependent for the means of her support, and his ability to supply them, were sufficient to entitle her to the writ on which he was arrested.

The writ was provided by the preceding practice which, in that respect, has been allowed to remain unchanged by the Code of Procedure. And by that practice, after the jurisdiction of the Court of Chancery was added to that of this court, it required the special allowance and order of a justice of this court, together with an indorsement upon the writ by the clerk showing the amount in which the defendant should be held to bail, for the purpose of regularly issuing it. In that respect the preceding practice has been continued, and is still required to be observed. (2 Barb. Ch. Pr. [2d ed.], 650, 651; Code, 469; see, also, the last rule of this court.)

This practice was not formally pursued as it should have been in issuing the writ in this case. But its important requisites, which were the adjudication of a justice of this court upon the facts that the writ should be issued, and determining the amount of bail to be required to entitle the defendant to be set at liberty after his arrest, were shown by the writ to have been observed. For it was subscribed by the justice to whom the application for it was made. And that, it is evident, would not have been done if he had not considered the case a proper one for a writ of *ne exeat*, and had not himself prescribed the bail which it allowed the defendant to give for the purpose of relieving himself from arrest. These were the substantial facts which the rights of the defendant required to be definitely determined before he could be lawfully arrested and detained. And the statements made in the writ, which was subscribed by the justice, show that to have been done. The writ was then tested and subscribed by the clerk, with the addition that it was by the court.

The failure to comply with what the practice required, in other respects, to render the proceeding a regular one, was not so vital as to deprive the defendant of any substantial right in the case. And under the liberal powers conferred by the Code, which are applicable even to this proceeding, it should not be dismissed, but corrected as it can be by amendment. That has provided that the court, in furtherance of justice, and on such terms as may be proper, may amend any pleading, process or proceeding by correcting a mistake in the name of a party, or a mistake in any other respect, and may supply an omission in any proceeding. (Code, §§ 173, 174.) These provisions are very broad; more comprehensive language could hardly have been selected. And as the substantial requirements of the practice were observed in issuing the writ, and the defendant has not been either injured or prejudiced by the failure to procure and enter a formal order, and to have the writ properly marked by the clerk with the amount of bail to be exacted upon it, that may still, under these sections of the Code, be done for the purpose of rendering the process entirely regular. And it ought to be done for the purpose of preserving the regularity of the proceeding. An order should therefore be made reversing the order appealed from and setting aside the writ, unless, within ten days after notice of the decision of the appeal in this case, the plaintiff shall procure and cause to be entered, *nunc pro tunc*, a formal order and allowance of the writ, and have the indorsement upon it of the amount of bail required by it from the defendant. And in case of a compliance with that direction, then the order appealed from should be affirmed, without costs.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, unless, within ten days, a *nunc pro tunc* order and allowance of the writ, with indorsement, as in opinion, be entered, in which case order affirmed, without costs.